## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MISTER SOFTEE, INC.,** | : |
| | : |
| **MISTER SOFTEE QUEENS, INC.** | : |
| | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : |
| | :    **CIVIL ACTION NO.**<sup>24-cv-5627</sup> |
| **GOKHAN GUZEY, MUSTAFA SELVI** | : |
| | : |
| | : |
| **Defendants.** | : |
| | : |

## CIVIL ACTION - COMPLAINT

### INTRODUCTION

1.     Mister Softee, Inc. ("MSI") and Mister Softee Queens, Inc. ("MSQ") (collectively "Mister Softee") bring this action against Gokhan Guzey and Mustafa Selvi for infringing on Mister Softee's trademark rights by operating an ice cream truck featuring Mister Softee's trademarked and famous white truck with blue trim design in and around Queens, New York. Mister Softee also brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's franchisees, who are being harmed by Defendants' unauthorized use of Mister Softee's trademarks. Despite repeated demands that Defendants remove the infringing trade dress from their ice cream truck, Defendants continue to intentionally infringe on the Mister Softee trademarks.

### THE PARTIES

2.     Plaintiff MSI is a New Jersey corporation located in Runnemede, New Jersey. Mister Softee owns various trademarks including the trademark "Mister Softee," the Mister

Softee jingle, and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3.    Plaintiff MSQ is a New York corporation with a principal place of business in Queens Village, New York.  MSQ is a sub-franchisor of Mister Softee, and has the exclusive right to sell Mister Softee franchises in Queens and Long Island, New York. MSI granted MSQ the right to use, and license others the right to use, the Mister Softee trademarks and trade dress in conjunction with the offering and sale of franchises in certain areas, including Queens, New York and Long Island, New York.

4.    Defendant Gokhan Guzey ("Guzey") is an adult individual who resides in Westbury, New York.

5.    Defendant Mustafa Selvi ("Selvi") is an adult individual who resides in Holbrook, New York.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 in that Plaintiffs' claims against Defendants are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 *et seq*.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MISTER SOFTEE SYSTEM

8.    MSI is a family-owned-and-operated business that has been in operation since 1956.  Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

9.      Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

## THE TRADEMARKS AND TRADE DRESS

10.     MSI owns the trademarks "Mister Softee" and related logos that are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456.  MSI also owns and has registered a sensory mark which consists of the Mister Softee musical jingle at Registration No. 2218017.  Additionally, MSI owns a federal trademark registration for the overall design of the Mister Softee ice cream truck featuring the white truck with a blue trim along the bottom and displaying the words "Sundaes, Shakes, Cones"  (the "Truck Design Mark"). The Truck Design Mark is registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357.  MSI also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead".  The term "Conehead" refers to the Mister Softee cartoon logo of an ice cream cone with a smiling face and bow tie.

11.     The authentic Mister Softee Truck Design Mark appears below:





12.    Only authorized licensees are permitted to use MSI's federally registered trademarks, trade dress and proprietary business system.

13.    Since 1956, MSI and its franchisees have continuously used and advertised Mister Softee trademarks, trade names, trade dress and musical jingle throughout the region.  MSI's

trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. MSI first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

## THE DEFENDANT

### The Infringing Activity

14.     In or around June 2024, Mister Softee became aware of Defendant's unauthorized use of a white truck with a blue trim displaying the words "Sundaes, Shakes, Cones" across the bottom identical to the Truck Design Mark in the course of their operation of their ice cream truck business (New York Plate Number 75171NE) (the "Infringing Truck Design"). This is how the truck appeared:







15.     As a result, on June 13, 2024, Mister Softee served Defendant Selvi, with notice demanding that he immediately cease and desist any further use of the Infringing Truck Design.

16.     On June 24, 2024, Mister Softee served Defendant Guzey with a similar notice demanding that he immediately cease and desist any further use of the Infringing Truck Design (collectively, both notices are referred to as the "Cease and Desist Notices").

17.     Selvi responded to the Cease and Desist Notices by claiming he had recently sold the truck to Guzey, but Selvi was operating the truck displaying the Infringing Truck Design for a period of time, and the vehicle is still registered/titled to his address despite being titled to Guzey.

18.     Guzey has ignored Mister Softee's Cease and Desist Notice and continues to unlawfully use the Mister Softee trademark in the operation of his competitive ice cream truck business in violation of the Lanham Act.

## COUNT I
## Trademark Infringement and Unfair Competition

19.     Plaintiffs incorporate the forgoing averments as if fully set forth herein.

20.     Defendants have utilized and benefited from the Mister Softee trademark in the operation of their mobile ice cream truck business without Mister Softee's permission and with the knowledge that Mister Softee has not consented to their use of the Mister Softee Truck Design Mark.

21.     Defendants willfully intended to trade on Mister Softee's reputation and cause dilution of the Mister Softee trademark.

22.     Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq*.  Defendants' use of the Mister Softee's trademark constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to them being affiliated, connected or associated with Mister Softee in violation of 15 U.S.C. §1125(a).

Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

23.    Defendants' continued operation of their mobile ice cream truck bearing the Mister Softee Truck Design trademark also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

24.    Defendants' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by Defendants, as a result of this selling ice cream and related products from trucks unlawfully bearing the Mister Softee Truck Design trademark; business will be diverted from Mister Softee's trademark; Mister Softee's trademark will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated.

25.    Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee trademarks as a result of Defendants' conduct.

26.    Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use of the Mister Softee trademark.

**WHEREFORE**, Mister Softee, Inc. and Mister Softee of Queens, Inc. demand judgment in their favor and against the Defendants Gokhan Guzey and Mustafa Selvi, jointly and severally, as follows:

a.    A preliminary and permanent injunction enjoining Defendants and their agents, employees, entities and any person acting in concert with them from using the Mister Softee trademarks or any colorable imitation in any manner whatsoever;

b.     An accounting of and judgment for the profits to which Mister Softee may be entitled;

c.     Treble damages pursuant to 15 U.S.C. § 1117;

d.     An order requiring Defendants to paint their truck a different color scheme and to deliver and/or destroy all menu boards, labels, signs, prints, packages, wrappers, receptacles and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e.     Punitive Damages;

f.     Attorneys' fees;

g.     Costs of this action; and

h.     Such further relief as this Court deems just and proper.

Respectfully submitted,

**ZMO Law PLLC**

Date: August 9, 2024

 /s/ Benjamin Notterman

Benjamin Notterman
353 Lexington Ave., Suite 900
New York, New York 10016
T: (212) 685-0999
bn@zmolaw.com

*Attorneys for Plaintiffs*

9